# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-30211

NOEL BUTCHER,

Plaintiff - Appellee

v.

SUPERIOR OFFSHORE INTERNATIONAL, INC,

Defendant-Third Party Plaintiff - Appellee

v.

OFFSHORE LIFTBOATS, LLC; TRIUMPH MARINE, INC,

Third Party Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-8136

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Triumph Marine, Inc. and Offshore Liftboats, LLC (collectively "Triumph")
appeal following the district court's summary judgment determination that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiff Noel Butcher is not a Jones Act seaman. For the following reasons, we AFFIRM:

1. Superior Offshore International challenges Triumph's standing to appeal. Its assertion that only a seaman's employer or personal representative may appeal in a case involving a determination of Jones Act seaman status is incorrect. *See, e.g.*, *Foulk v. Donjon Marine Co.*, 144 F.3d 252, 257 (3d Cir. 1998). Triumph's standing depends on whether it has suffered an actual or threatened injury that may be redressed on appeal. *See Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496 (5th Cir. 2007) (en banc). The district court's determination that Butcher is not a Jones Act seaman would implicate operation of the Longshore and Harbor Workers' Compensation Act, which in turn could affect Triumph's indemnity claims. *See* 33 U.S.C. § 905(b); *cf. Jenkins v. Aries Marine Corp.*, 554 F. Supp. 2d 635, 641 (E.D. La. 2008). Triumph therefore has standing.

2. The district court correctly determined that Butcher's connection to the vessel MAGGIE was not substantial in duration and nature. *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S. Ct. 2172, 2190 (1995). Butcher was a painter/blaster. It is undisputed that all of the painting and blasting work was done on the fixed platform, which is not a vessel. *See Hufnagel v. Omega Servs. Indus.*, 182 F.3d 340, 347 n.1 (5th Cir. 1999). Although Butcher performed some tasks on board the vessel, such as occasionally filling paint pots and sweeping sand, the testimony showed these to be incidental and minor in nature. *See id.* at 347. Butcher agreed with counsel's question that he worked thirty percent of his time on board the vessel but this included time spent for meals and breaks, which does not make Butcher a seaman. *See id.* Furthermore, Butcher's testimony describing his daily activity showed that he spent less than thirty percent

of his time actually working on board the MAGGIE. Therefore, he may not be considered a seaman. *See Chandris*, 515 U.S. at 371, 115 S. Ct. at 2191.

AFFIRMED.